IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: |
| v. | **PLEA AGREEMENT** |
| GRANDEUR MANAGEMENT INC. | |

### General Provisions

This PLEA AGREEMENT is made this __4th__ day of __MARCH__, 2022, between the United States of America, as represented by Acting United States Attorney COREY F. ELLIS, Assistant United States Attorney Carrie Fisher Sherard; the Defendant, GRANDEUR MANAGEMENT INC., and Defendant's attorney, RUSSELL LONG.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.  The Defendant agrees to plead guilty to Count 2 of the Superseding Indictment now pending, which charges, conspiracy to commit money laundering, a violation of Title 18 United States Code Section 1956(h).

    With respect to Count 2 in order to sustain its burden of proof, the Government is required to prove the following:

### ELEMENTS AND PENALTIES FOR COUNT TWO –
### MONEY LAUNDERING CONSPIRACY

Form Date: 3/1/19

1.    Two or more persons, in some way or manner, formed, reached, or entered into an agreement or understanding to violate 18 U.S.C. ' 1956, as charged in the indictment; and

2.    At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose of the agreement, and deliberately joined the conspiracy, agreement, or understanding.

PENALTIES
FINE OF $500,000 or TWICE THE AMOUNT INVOLVED
SUPERVISED RELEASE OF UP TO 3 YEARS
SPECIAL ASSESSMENT OF $400

2.    The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

                                          Form Date: 3/1/19

A.  Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

B.  Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

C.  Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.  Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

Form Date: 3/1/19

4.    The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case.  In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

### Cooperation

5. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge.  The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation.  The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully.  The failure of the Defendant to

Form Date: 3/1/19

be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

a.    the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

b.    all additional charges known to the Government may be filed in the appropriate district;

c.    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

d.    the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

6. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph

Form Date: 3/1/19

examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

7. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

    a.    known to the Government prior to the date of this Agreement;

    b.    concerning the existence of prior convictions and sentences;

    c.    in a prosecution for perjury or giving a false statement;

    d.    in the event the Defendant breaches any of the terms of the Plea Agreement; or

    e.    used to rebut any evidence or arguments offered by or on behalf of the Defendant (including arguments made or issues raised sua sponte by the District Court) at any state of the criminal prosecution (including bail, trial, and sentencing).

    Form Date: 3/1/19

8. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Criminal Procedure 35(b). Any such motion by the Government is not binding upon the Court, and should the Court deny the motion, the Defendant will have no right to withdraw his/her plea.

### Forfeiture

9. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of, any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the defendant agrees to voluntarily surrender and not contest the forfeiture of property identified. The property to be forfeited includes but is not limited to:

   a.   Anderson Brother Bank-Account Number xxxxx2076
        In the name of: Allie Resorts, Inc. dba Allie
        Hospitality Payroll

Form Date: 3/1/19

Valued at: $5,612.39
Asset ID: 21-DSS-000500

b.   Anderson Brother Bank-Account Number xxxxx2092
     In the name of: Grandeur Management, Inc. dba
     Grandeur Hospitality
     Valued at: $374,648.93
     Asset ID: 21-DSS-000499

c.   Anderson Brother Bank-Account Number xxxxx2100
     In the name of: Grandeur Management, Inc. dba
      Grandeur Hospitality
     Valued at: $31,474.69
     Asset ID: 21-DSS-000497

d.   Anderson Brother Bank-Account Number xxxxx2118
     In the name of: Nextek Systems, Inc. dba Linentech
     Operating
     Valued at: $5,986.37
     Asset ID: 21-DSS-000503

e.   Anderson Brother Bank-Account Number xxxxx2175
     In the name of: Allie Resorts, Inc. dba Allie
     Hospitality Operating
     Valued at: $95,311.56
     Asset ID: 21-DSS-000501

f.   Anderson Brother Bank-Account Number xxxxx3447
     In the name of: Zain Investments
     Valued at: $5,919.29
     Asset ID: 21-DSS-000502

g.   Anderson Brother Bank-Account Number xxxxx3454
     In the name of: Cenet USA, LLC
     Valued at: $196,757.56

Form Date: 3/1/19

Asset ID: 21-DSS-000498

h.  First Citizens Bank-Account Number xxxxx0901
    In the name of: Grandeur Management, Inc. dba
    Grandeur Hospitality
    Valued at: $29,310.83
    Asset ID: 21-DSS-000486

i.  PNC Bank-Account Number xxxxx2623
    In the name of: Raja Younas/Chomphunut Javitaychan
    Valued at: $74,381.91
    Asset ID: 21-DSS-000487

j.  PNC Bank-Account Number xxxxx6242
    In the name of: Allie Resorts, Inc.
    Valued at: $79,161.76
    Asset ID: 21-DSS-000488

k.  Wells Fargo Bank-Account Number xxxxx5455
    In the name of: Hospitality Resourcing, LLC
    Valued at: $617.64
    Asset ID: 21-DSS-000481

UNITED STATES CURRENCY:

a.  $1,622.23 in United States Currency
    Seized from: 1809 North Oak Street, Myrtle Beach,
    SC
    Asset ID: 21-DSS-000476

Following the entry of this plea agreement, defendant agrees to the Court's prompt entry of a Preliminary Order of Forfeiture as mandated by Fed.R.Crim.P. 32.2, which shall in any event, be submitted for entry before sentencing.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding

Form Date: 3/1/19

against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

10.    Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution.

## Merger and Other Provisions

11.    The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's

witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

12.    The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

13.    The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from

any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14.     The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

     Form Date: 3/1/19

3-4-2022

Date

_____
GRANDEUR MANAGEMENT INC.,
Defendant by its:

President

3-4-2022

Date

_____
RUSSELL LONG
Defense Attorney


COREY F. ELLIS
UNITED STATES ATTORNEY

3-16-22

Date

_____
Carrie Fisher Sherard
Assistant United States Attorney

          Form Date: 3/1/19

U. S. DEPARTMENT OF JUSTICE

Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement.</u>

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | |
| DEFENDANT'S NAME: | GRANDEUR MANAGEMENT INC. |
| PAY THIS AMOUNT: | $400.00 per count |
| PAYMENT DUE ON OR BEFORE: | (date plea agreement signed) |

MAKE CHECK OR MONEY ORDER PAYABLE TO:
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**Matthew J. Perry, Jr. Courthouse**
**901 Richland Street**
**Columbia, SC 29201**

OR HAND DELIVERED TO:
**Clerk's Office**
**Matthew J. Perry, Jr. Courthouse**
**901 Richland Street**
**Columbia, SC 29201**   (Mon. - Fri. 8:30 a.m.- 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER*   **(Do Not send cash)**

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*

Form Date: 3/1/19